IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DENNIS HEDIN,

                    Plaintiff,                                    ORDER

          v.                                               07-cv-717-bbc

SUE VINJE TRUCKING, INC.,

                    Defendant.

---

      Before the court are defendant's motion to compel discovery, dkt. # 25, and plaintiff's motion to compel discovery, dkt. #30.  Also, plaintiff filed a motion of extension of time to file his brief in opposition to defendant's motion, dkt. #33, because he filed it late.   Because defendant has no objection, I will grant plaintiff's request for an extension of time to file his opposition brief.   Further, I will grant defendant's motion to compel discovery and deny plaintiff's motion to compel discovery.

      First, defendant's motion to compel discovery is actually a document entitled "Motion for a Protective Order."   However the brief in support of the motion states that defendant is moving to compel the production of plaintiff's income tax returns from 2002 through 2005. Plaintiff objects to producing these returns because they pertain to his income prior to his employment with Sue Vinje Trucking, but defendant argues that these tax returns are relevant to the determination of his loss of income.   Plaintiff responds that any income he had prior to his employment with the defendant is irrelevant to his claim for loss damages.   I agree with the defendant that plaintiff's tax returns for the years 2002-05 may lead to admissible evidence

because the amount of income that plaintiff made in the four years immediately prior to being employed by the defendant could indicate the amount of income he might be able to earn in the future.  Therefore, I will grant defendant's motion to compel plaintiff to produce his tax returns for the years 2002-05.

Second, plaintiff moves to compel defendant to answer interrogatories #4 and #7 of his First Set of Interrogatories.  Although defendant argues that plaintiff failed to resolve these disputes before bringing his motion to compel, I will decide plaintiff's motion at this time.  In interrogatory #4 plaintiff requested information about each employee that had worked for the defendant in the last ten years.  Although objecting to this request as overly broad and burdensome, defendant agreed to provide this information dating back to 2004 with an appropriate agreement regarding use.  Defendant mailed a "Stipulation for Protective Order" to plaintiff which required him to use the information solely for the purposes of litigation.  Plaintiff did not respond to defendant's reasonable request.  Therefore, I will deny his motion to compel defendant to respond to interrogatory #4.

Also plaintiff requested information regarding previous lawsuits involving defendant (Plaintiff's Interrogatory #7).  Although defendant objected to this request as overly broad and burdensome and not relevant, defendant has now disclosed that it has never been involved in any litigation involving a claim close or similar to this litigation.  This response is adequate.  Because plaintiff has been offered the information he requested, plaintiff's motion to compel discovery regarding this issue will be denied.

Finally, I note that defendant requests that plaintiff be ordered to pay its reasonable costs including attorney's fees in bringing its motion to compel and for opposing plaintiff's motion to compel.  I will deny this request because in civil cases with pro se parties, the court usually allows parties one chance to raise discovery issues before shifting costs .  In addition, it may have been difficult for plaintiff to respond to defendant's motion given the aforementioned problems with the titling of the documents.  However, in the future, the court will shift costs pursuant to Rule 37(a)(5).

ORDER

IT IS ORDERED that

1.  Plaintiff's motion for extension of time to file brief in opposition to defendant's motion to compel, dkt. # 33, is GRANTED.

2.  Defendant's  motion to compel plaintiff to produce tax returns for the years 2002-2005, dkt. # 25,  is GRANTED.  Plaintiff shall provide this information to the defendant no later than February  17, 2009.

3.  Plaintiff's motion to compel discovery, dkt. #30, is DENIED.

4.  Defendant's motion for attorney's fees and costs is DENIED.

Entered this 26th day of January, 2009.

BY THE COURT:

/s/

_____

STEPHEN L. CROCKER
Magistrate Judge